JOHN A. LOMAX AND CLARENCE L. GOWELL, PLAINTIFFS
IN ERROR, v. IRVING BESLEY, DEFENDANT IN ERROR.

FORECLOSURE OF MINER'S LIEN.—Where the record of an action insti-
tuted to foreclose a miner's lien fails to show the issuance of a
summons, and it appears therefrom that the defendant is a non-
resident of the state, and that publication was not made as required
by law, the judgment will be set aside.

*Error to County Court of Park County.*

Messrs. BAILEY & WILKIN and Mr. W. H. MALONE, for
plaintiffs in error.

Mr. W. H. NASH and Mr. R. D. THOMPSON, for defendant
in error.

RICHMOND, P. J.   In January, 1883, defendant in error,
Irving Besley, filed in the office of the county clerk of Park
county, a notice of a claim amounting to $340.60 against
plaintiffs in error, John A. Lomax and Clarence L. Gowell,
for work and labor done and moneys expended on the Coney
lode in Mosquito Mining District, property of the plaintiffs
in error, and by said notice claimed a lien upon the mine to
the amount of his claim.   July 4, 1883, he instituted an
action to enforce the lien, and on the same day filed an affi-
davit in support of an application for service of summons by
publication.

Thereafter the court made the following order: "It is
hereby ordered by the court that personal service cannot be
had; that service be by publication in Fairplay *Flume*.   Or-
dered, July, 1883.               V. G. HOLLIDAY, Judge."

August 9th judgment was rendered against the plaintiffs
in error for the sum of $449.31 and costs.   To reverse this
judgment this writ is prosecuted.

The record fails to show the issuance of summons, nor does

it appear that publication was made as required by law, no affidavit to that effect having been filed.

Whether service could be obtained by publication in this class of cases we need not here decide as the record fails to show compliance with the requirements of the code where service may be obtained by publication. Without service of some kind the judgment should not have been rendered, and so rendered was absolutely void.

The judgment is reversed and cause remanded.

*Reversed.*